# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NICOLE MORANT,       )<br>                      )<br>    Plaintiff,      )<br>                      )<br>v.                    )<br>                      )<br>CONNECTICUT GENERAL LIFE INSURANCE )<br>CO., d/b/a CIGNA MEDICARE,  )<br>                      )<br>    Defendant.    ) | Civil No. 3:05-0008<br>Judge Trauger |

## MEMORANDUM and ORDER

The defendant has filed a Motion to Compel Arbitration and Stay Judicial Proceedings (Docket No. 11), to which the plaintiff has responded (Docket No. 24), and the defendant has replied (Docket No. 29). The plaintiff requests relief in this court under the Americans With Disabilities Act ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* The defendant maintains that the plaintiff is bound by a valid and enforceable written agreement that requires her to submit these employment-related claims against her former employer to binding arbitration. Defendant's motion is well taken and will be granted.

The plaintiff admits that the employment application she completed clearly stated (and she understood) that "any employment dispute–including termination–had to be arbitrated." (Docket No. 25, ¶8) The Application itself contains the following paragraph approximately one inch above the applicant's signature and distinguished from all but one other paragraph of the Application by being in all capital letters:

> I AGREE THAT IN RETURN FOR BEING CONSIDERED FOR
> EMPLOYMENT AND/OR RECEIVING AN OFFER OF EMPLOYMENT I

1

> WILL RESOLVE ANY DISPUTE ABOUT MY CANDIDACY FOR EMPLOYMENT, EMPLOYMENT OR CESSATION OF EMPLOYMENT <u>EXCLUSIVELY</u> THROUGH THE INTERNAL AND EXTERNAL EMPLOYMENT DISPUTE RESOLUTION PROCESSES OF MY EMPLOYER, WHICH INCLUDE FINAL AND BINDING ARBITRATION WITH A NEUTRAL ARBITRATOR. I UNDERSTAND THAT MY EMPLOYER ALSO AGREES TO FOLLOW THE DISPUTE RESOLUTION PROCESSES AND THAT COPIES OF THE POLICIES AND PROCEDURES DESCRIBING THE DISPUTE RESOLUTION PROCESSES ARE AVAILABLE TO ME.

(Docket No. 19, Ex. A) (emphasis in original) Plaintiff likewise admits that she signed an Employee Handbook Receipt and Agreement when hired for her job that stated as follows:

> This is to acknowledge that I have received my copy of the July 1998 employee handbook, *You and CIGNA*. I understand that by accepting employment and being eligible to receive increases in compensation and benefits, I am agreeing to the following two important terms of my employment described in *You and CIGNA*: (1) my employment can be terminated by me or my employer at any time for any reason–therefore, my employment is at the will of either party, and (2) I will use the Company's internal and external employment dispute resolution processes to resolve legal claims against the Company–therefore rather than go to court or to a government agency for a hearing to decide my legal claim, I will submit my employment related legal claims except workers' compensation and unemployment compensation to final and binding neutral third party arbitration. I understand further that these two terms of my employment replace and supersede any prior agreement concerning these terms and cannot be changed except in writing signed by me and the president of the Company.

(Docket No. 25, Ex. 2) This statement appears alone on a page directly above the plaintiff's signature.

The Handbook itself states that it "contains only two terms of your employment. They are very important." The second "term" is:

> ... that by accepting employment and being eligible to receive increases in compensation and benefits, you agree that you will not go to court or a government agency for a hearing to decide an employment-related claim. Instead, you will resolve all employment related legal disputes ... by going to a neutral third party arbitrator.

(Docket No. 19, Ex. C)

2

In addition to signing an acknowledgment that she had received the Handbook when she was hired, the plaintiff signed a receipt indicating that she had received a copy of the CIGNA Healthcare Division Employment Dispute Mediation/Arbitration Policy. (Docket No. 19, Ex. E) This policy gives more detail about the mandatory arbitration that makes very clear that it is the alternative to "going to court and having a jury." (Docket No. 19, Ex. D)

Enforceability of an arbitration agreement is to be determined under applicable state law, here Tennessee law. *Cooper v. MRM Investment Co.*, 367 F.3d 493, 499 (6th Cir. 2004). State law contract defenses of "fraud, forgery, duress, mistakes, lack of consideration or mutual obligation, or unconscionability, may invalidate an arbitration agreement." *Id.* at 498. None of those defenses invalidate this agreement to arbitrate. This employment arbitration agreement is clearer than most in informing the employee that binding arbitration is the alternative to a jury trial in court for employment-related claims. The employee is informed during the application process, before hire, that employment disputes end in binding arbitration rather than court proceedings, and the Handbook even states that the employee "may wish to review these terms [of employment] with your legal counsel." (Docket No. 19, Ex. C) The requirement for arbitration in both the application and hiring process was very clear, and the plaintiff concedes that she understood the obligation.

There are no aspects of unconscionability that would make the arbitration agreement unenforceable. The plaintiff was employed at Comdata at the time that she applied for the position with CIGNA (*see* Docket No. 19, Ex. A), so this is not a situation where the plaintiff needed the job and had no choice but to agree to the arbitration provision. In addition, the plaintiff had completed three years of college and had held several responsible employment

3

positions before being hired by the defendant, so she can make no claim that she simply did not understand that agreeing to arbitration was a term of employment.

All of the other factors to be considered by the court in deciding on the enforceability of an arbitration agreement weigh in favor of its enforcement here. The only cost incurred by the employee is $100 to initiate the arbitration process; the filing fee for her federal court lawsuit, at the time she filed it, was $150 and is now $250. The defendant employee pays all other costs of the arbitration, with the exception of discovery expense that the plaintiff decides to incur herself (just as she would in a lawsuit) and her attorney's fees. However, because the arbitrator may grant any statutory recovery that the court could award, the process would allow for the recovery of her attorney's fees, if she prevails.

The selection of the arbitrator is neutral and fair. Discovery is sufficient (though more limited than would be in a court case) and mutually available to both sides. In addition, the arbitrator can order any additional discovery deemed relevant and necessary. The arbitrator "must apply statutory and case law to the facts of the dispute. The arbitrator will apply the burden of proof required by applicable federal, state or local law." (Docket No. 20, Ex. A at 5) Although the arbitration rules may be changed by CIGNA, the employee has the right to have the rules apply that were in force at the time the arbitration process was initiated. (*Id.* at 11) This crucial provision makes the consideration adequate and not illusory. *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 379 (6th Cir. 2005).

In conclusion, the plaintiff has failed to establish that her agreement to arbitrate the employment-related claims made in this lawsuit is unenforceable. It is therefore **ORDERED**

4

that the defendant's Motion to Compel Arbitration (Docket No. 11) is **GRANTED**, and this case is **DISMISSED** in favor of mandatory binding arbitration.

It is so **ORDERED**.

ENTER this 8th day of July 2005.

                                      ALETA A. TRAUGER
                                      U.S. District Judge